## No. 54,498

DAVID BERST, DALE SMITH and THE NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, *Petitioners,* v. HONORABLE MARION W. CHIPMAN, District Judge, Court Number 7, 10th Judicial District Court of Kansas, and BIRMINGHAM POST COMPANY, *Respondents.*

(653 P 2d 106)

Opinion filed May 27, 1982.

*James H. McLareny,* of Swanson, Midgley, Gangwere, Clarke & Kitchin, of Kansas City, Missouri, argued the cause, and *Daniel L. Sailler,* of the same firm, and *Robert P. Anderson* and *Edward M. Boyle,* of Payne & Jones, of Olathe, were with him for the petitioners.

*Lee Levine,* of Baker & Hostetler, of Washington, D.C., argued the cause, and *Elizabeth Moore,* of the same firm, and *Alan P. Blinzler* and *Peter A. Martin,* of Blackwell, Sanders, Matheny, Weary & Lombardi, of Olathe, were with him for the respondents.

The opinion of the court was delivered by

SCHROEDER, C.J.: This is an original mandamus action wherein David Berst, Dale Smith and the National Collegiate Athletic Association (petitioners) seek an order directing the Honorable Marion W. Chipman, Judge of the District Court of Johnson County, to set aside his order which denied petitioners' motion for a protective order pursuant to K.S.A. 60-226(*c*) quashing subpoenas duces tecum served upon the petitioners. The documents sought relate to *confidential investigations* conducted by the NCAA and the Southeastern Conference of a possible infraction of NCAA rules by the University of Alabama in Huntsville, Alabama, in the recruitment of a high school basketball star, Bobby Lee Hurt.

The documents in question are sought in discovery proceedings growing out of a libel action filed against the Birmingham Post Company and others in the Circuit Court of Madison County, Alabama, for publishing alleged defamatory statements contained in an article published in the June 24, 1981, issue of the Birmingham Post-Herald newspaper. The foregoing action was filed by Edward E. Seal, then principal of Butler High School in Huntsville, Alabama. Bobby Lee Hurt, a Butler High School basketball star, also filed a libel action against the Birmingham

Post Company and others for publication of alleged defamatory statements in the same newspaper.

Pursuant to a petition filed by the Birmingham Post Company in accordance with K.S.A. 60-228, Judge Chipman on April 2, 1982, caused a subpoena to issue to the NCAA, Berst and Smith, requiring them to comply with notices to take depositions upon oral examination and to produce documents issued by the Circuit Court of Madison County, Alabama. The subpoena commanded the NCAA, Berst and Smith to make available at their depositions:

"[A]ll documents and correspondence relating to the initiation, prosecution and results of any investigation by the National Collegiate Athletic Association concerning Bobby Lee Hurt, Edward Seal, Butler High School, Huntsville, Alabama or the recruiting of Bobby Lee Hurt by the University of Alabama."

On May 3, 1982, the NCAA, Berst and Smith moved for a protective order pursuant to K.S.A. 60-226(*c*) directing that they "not be required to disclose the contents or results of their confidential investigation of Edward Seal, Bobby Lee Hurt, Butler High School, Huntsville, Alabama, or the University of Alabama." After a hearing the motion was denied.

Upon hearing the matter in this court and after giving due consideration to the arguments and briefs filed by counsel for the respective parties, this court finds the action taken by Judge Chipman was arbitrary in that an *in camera* inspection of the NCAA files tendered for examination was not undertaken upon hearing the application for a protective order.

Upon an *in camera* inspection of the confidential NCAA files by the Supreme Court of Kansas, we hold the respondents may proceed with discovery upon the following terms and conditions. Statements and comments of the parties litigant, their employees and fellow employees of Butler High School orally made either in person or by telephone to the NCAA investigator Dale Smith and reduced to writing in memoranda which bear the typed signature of Dale Smith, but which are otherwise not subscribed, are discoverable by the subpoena duces tecum at a time and place mutually to be agreed upon by the counsel for the respective parties litigant.

The written documents discoverable are specifically enumerated and listed by description in a separate Protective Order filed with the Clerk of the Supreme Court of Kansas on this date.

The subpoena issued to the NCAA, Berst and Smith to take depositions upon oral examination and to produce documents is limited to the taking of the oral statements and comments subsequently reduced to writing in memoranda and specifically identified by the Protective Order.

Due to the urgency of the matter and the public interest involved, this original proceeding was given a preferential setting in our court. This brief opinion announcing the decision of the court will be supplemented by a formal opinion to be filed when it is prepared.

FROMME and HERD, JJ., dissenting.